UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| FREE CONFERENCING CORP., a Nevada corporation, | ) ) ) | CIV. 10-4113-KES |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| SANCOM, INC., a South Dakota corporation, d/b/a Mitchell Telecom; SANTEL COMMUNICATIONS COOPERATIVE, INC., a South Dakota corporation; and MCI COMMUNICATIONS SERVICES, INC., d/b/a Verizon Business Services, a Delaware corporation, | ) ) ) ) ) ) ) ) ) ) ) ) | ORDER GRANTING DEFENDANT VERIZON'S MOTION TO DISMISS |
| Defendants. | ) | |

Plaintiff, Free Conferencing Corp. (Free Conferencing), asserts breach of contract and unjust enrichment claims against defendants Sancom, Inc. (Sancom) and Santel Communications Cooperative, Inc. (Santel). Free Conferencing also asserts a tortIous interference with business relations claim and violations of the Federal Communications Act (FCA), 47 U.S.C. §§ 201(b)(1), 202(a), against defendant MCI Communications Services, Inc. d/b/a Verizon (Verizon). Verizon moves to dismiss Free Conferencing's claims. Free Conferencing resists the motion. The motion is granted.

**BACKGROUND**

In the light most favorable to Free Conferencing, the nonmoving party, the pertinent facts to this order are as follows: Free Conferencing provides free conference call services. When consumers use Free Conferencing's services, they pay the charges normally assessed by their telephone carrier for a long-distance call, and they are not charged an additional fee for the conferencing services.

Free Conferencing provides its conference call services through relationships with local exchange carriers (LECs). Sancom is an LEC and a subsidiary of Santel. In March of 2005, Free Conferencing entered into a Wholesale Local Services Agreement (Agreement) with Sancom. Free Conferencing provided a teleconference bridge and a PC server to Sancom in its Mitchell office. Under the Agreement, Free Conferencing agreed to provide at least 2,000,000 minutes of customer service usage in existing business to Sancom. Sancom agreed to pay Free Conferencing a marketing fee of $0.02 per minute based on revenue collected on minutes used per month.

Sancom also provides originating and terminating access services to long-distance or interexchange carriers (IXCs). If an IXC does not own or lease the telephone lines connected to the end-users' telephones, the IXC must pay an LEC to use the LEC's lines. The LEC publishes an interstate

tariff, also known as an access charge, that the IXC pays for each call that uses the LEC's lines. Under the FCA, the Federal Communications Commission has the authority to regulate these interstate tariffs. Verizon is an IXC and uses Sancom's lines to terminate calls to end-users.

Verizon provides competing conference call services. Verizon billed its long-distance customers for long-distance calls that went through Free Conferencing's conference call bridge located in Sancom's Mitchell office, but maintains that these calls are not subject to Sancom's terminated access charges. By refusing to pay Sancom's tariff charges, Verizon affected Sancom's ability to pay Free Conferencing's marketing fees as provided in the Agreement. As a result, Sancom has refused to pay Free Conferencing's invoices. In November of 2009, Free Conferencing notified Sancom that it breached the Agreement. Sancom still refused to pay Free Conferencing's invoices. Sancom and Santel are indebted to Free Conferencing for over $10 million.

## STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of the complaint. *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989) ("[I]f as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations' . . . a claim must be dismissed" (quoting *Hishon v. King &*

*Spalding*, 467 U.S. 69, 73 (1984))); *see also Carton v. Gen. Motor Acceptance Corp.*, 611 F.3d 451, 454 (8th Cir. 2010) (same). To survive a motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet the plausibility standard, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Under Rule 12(b)(6), the facts alleged in the complaint must be considered true and all inferences must be viewed in favor of the nonmoving party. *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004) (citing *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 465 (8th Cir. 2002)). *Twombly* and *Iqbal* have not changed the "fundamental tenet of Rule 12(b)(6) practice" that "inferences are to be drawn in favor of the non-moving party." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 595 (8th Cir. 2009) (citations omitted).

The court must liberally construe the complaint in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). A court must also accept the facts alleged as true, even if they are doubtful. *Twombly*, 550 U.S. at 555. Thus, a well-pleaded complaint

4

may proceed even if it appears that recovery is remote or unlikely. *Id.*; *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001).

## DISCUSSION

Verizon asserts two arguments in support of its motion to dismiss. First, Verizon argues that Free Conferencing's claims are duplicative of the claims raised in *Northern Valley Communications, LLC v. MCI Communications Services, Inc.*, No. CIV. 07-1016 (D.S.D.), an on-going action in this court. Second, Verizon contends that Free Conferencing cannot show causation on its claims.

Regarding the duplicative action argument, "[t]he Supreme Court has noted a 'virtually unflagging obligation' on the part of federal courts to exercise their jurisdiction." *Mo. ex rel. Nixon v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953 (8th Cir. 2001) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). But there exists "a prudential limitation on the exercise of federal jurisdiction." *Id.* at 954. Namely, "[p]laintiffs may not pursue multiple federal suits against the same party involving the same controversy at the same time." *Id.* (citing *Colo. River*, 424 U.S. at 817).

Under Rule 12(b)(6), a federal district court can dismiss an action if it is duplicative of another pending federal action. *See, e.g., id.* at 950-51 ("The federal courts strongly oppose such duplication for it promotes wasteful use

of scarce judicial resources."); *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 985 (10th Cir. 2002) (reasoning that a "district court may dismiss suit 'for reasons of wise judicial administration . . . whenever it is duplicative of a parallel action already pending in another federal court.'" (quoting *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993))); *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (en banc) (reasoning that a plaintiff has "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." (citations omitted)). District courts have wide latitude in determining if one action is duplicative of another action. *Serlin*, 3 F.3d at 223.

While "no precise rule has evolved" for determining if two pending federal cases are the same action, "the general principle is to avoid duplicative litigation." *Colo. River*, 424 U.S. at 817 (citing *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 182-83 (1952)). The Eighth Circuit has utilized a substantial similarity test in determining whether two actions are duplicative in a diversity case: "[A] substantial similarity must exist between the . . . proceedings, which similarity occurs when there is a substantial likelihood that the [first] proceeding will fully dispose of the claims presented in the" second proceeding. *Fru-Con Const. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 535 (8th Cir. 2009) (citing *TruServ Corp. v.*

*Flegles, Inc.*, 419 F.3d 584, 592 (7th Cir. 2005)). The court finds this test useful in determining if two federal question actions are duplicative.

In *Northern Valley*, Northern Valley Communications, LLC (Northern Valley), a company specializing in a conference call system like the one Free Conferencing uses, brought suit against Verizon for its failure to pay Northern Valley's invoices for conference calls. In *Sancom, Inc. v. MCI Communications Services, Inc. d/b/a Verizon Business Services.*, CIV 07-4106 (D.S.D.), another case pending in this court, Sancom brought a similar suit against Verizon for Verizon's refusal to pay Sancom's rates for free conference call services. The court consolidated the *Northern Valley* and *Sancom* actions. *Northern Valley*, No. 07-1016, Docket 14. In the *Sancom* portion of the case, Verizon joined Free Conferencing and Citrix Online as co-defendants, and asserted a number of counterclaims against Free Conferencing and Citrix. *Northern Valley*, No. 07-1016, Dockets 24 and 27.

In October of 2009, Free Conferencing moved, with Verizon's consent, to amend its answer and allege counterclaims against Verizon. *Northern Valley*, No. 07-1016, Docket 164. The court granted the motion. *Northern Valley*, No. 07-1016, Docket 173. Free Conferencing asserted three counterclaims against Verizon: (1) tortious interference with business relations; (2) violation of § 201(b) of the FCA; and (3) violation of § 202(a) of the FCA. *Northern Valley*, No. 07-1016, Docket 164-2 at 29-33. These claims

are the identical three claims, often using the same exact language, that Free Conferencing now asserts against Verizon. *Free Conferencing*, No. 10-4113, Docket 1 at 10-14.

Free Conferencing concedes that "its causes of action against Defendant Verizon in this case ***are similar to*** its causes of action against Defendant Verizon in *Northern Valley*." *Free Conferencing*, No. 10-4113, Docket 33 at 8 (emphasis added). But Free Conferencing argues that three differences exist between *Northern Valley* and this action and, therefore, this action is not duplicative of the *Northern Valley* litigation.

First, Free Conferencing argues that this case involves different parties because Santel is not a party in *Northern Valley*. Santel is the parent company of Sancom and, as a parent company, may be liable for its subsidiary's breach of contract. But Free Conferencing does not argue that Verizon is liable for different damages because Santel is now named as a party or that the underlying facts between the two cases are different. A second lawsuit against Verizon is unnecessary to address any liability of Verizon now that Santel is a defendant. If Free Conferencing believes that Santel is a necessary party for Free Conferencing to recover from Verizon, it can join Santel as a party in the *Northern Valley* litigation.

Second, Free Conferencing contends that the parties are now in different legal positions than in *Northern Valley* because in *Northern Valley*,

8

Sancom was a co-defendant with Free Conferencing in Verizon's counterclaims, and in this case Sancom is an adverse party to Free Conferencing. But Sancom's position is irrelevant to the claims alleged against Verizon. In *Northern Valley*, Free Conferencing asserted the three counterclaims at issue in this case against Verizon, making Verizon the counterclaim defendant and Free Conferencing the counterclaim plaintiff. Free Conferencing is now the plaintiff and Verizon is the defendant. Thus, Verizon and Free Conferencing are in similar positions in *Northern Valley* and in this case.

    Moreover, the Eighth Circuit's test for duplicative actions does not center on whether the parties were in the identical position between the two actions. Instead, the Eighth Circuit requires a substantial similarity, meaning that the first action will likely fully dispose of the claims asserted in the second action. *Fru-Con Const.*, 574 F.3d at 535. Free Conferencing has asserted the same claims against Verizon in *Northern Valley* as in this case and can obtain full relief in *Northern Valley*.

    Finally, Free Conferencing argues that the facts that encompass this case are different from those in *Northern Valley* because in this case Free Conferencing's causes of actions include improper actions that Verizon took before, during, and after *Northern Valley* was commenced. In *Northern Valley*, however, Free Conferencing seeks relief for past **and** future

9

damages. On the tortious interference claim, Free Conferencing asserts that it "suffered and continues to suffer damages as a result of Verizon's intentional actions to disrupt its relationship with Sancom." *Northern Valley*, No. 10-4113, Docket 164-2 at 30. On the violation of § 201(b) of the FCA, Free Conferencing seeks relief for "any additional damages that accrue through the pendency of this action." *Northern Valley*, No. 10-4113, Docket 164-2 at 31. Similarly, on the violation of § 202(a) of the FCA, Free Conferencing asserts that it is entitled to "any additional damages that accrue through the pendency of this action." *Northern Valley*, No. 10-4113, Docket 164-2 at 33. In its counterclaims in *Northen Valley*, Free Conferencing seeks past and future damages for Verizon's conduct. Thus, the facts here are similar and *Northern Valley* will fully dispose of the claims alleged by Free Conferencing in this action.

     Free Conferencing's arguments are unpersuasive. The claims now asserted by Free Conferencing against Verizon are duplicative of those asserted by Free Conferencing against Verizon as counterclaims in the *Northern Valley* litigation. Verizon also argues that Free Conferencing cannot show causation on its three claims. Because the court finds Free Conferencing's claims to be duplicative of those asserted in the *Northern Valley* litigation, the court need not address the causation issue.

**CONCLUSION**

Free Conferencing asserts a claim of tortious interference with business relations and violations of §§ 201(b) and 202(a) of the FCA against Verizon. These claims, however, are duplicative of the counterclaims asserted by Free Conferencing against Verizon in *Northern Valley Communications, LLC v. MCI Communications Services, Inc.*, No. CIV. 07-1016 (D.S.D.). Accordingly, it is

ORDERED that defendant Verizon's motion to dismiss (Docket 18) is granted.

Dated April 19, 2011.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE